In re PHILADELPHIA TRAINING
CENTER CORPORATION t/a PTC
of Baltimore—Inner Harbour.

In re PTC CAREER INSTITUTE
OF MARYLAND, INC.

In re PTC CAREER INSTITUTE
OF WASHINGTON, INC.

Nos. 93–MC–0031 through 93–MC–0033.

United States District Court,
E.D. Pennsylvania.

May 19, 1993.

**110**

Sheldon H. Laskin, Baltimore, MD, for respondent.

David S. Fishbone, Ciardi, Fishbone & Di Donato, Gloria M. Satriale, Philadelphia, PA, for debtor.

Richard M. Kastendieck, Asst. Atty. Gen., Baltimore, MD, Wallace E. Hutton, C/O Controller of the Treasury, Louis L. Goldstein Bldg., Annapolis, MD, Sheldon H. Laskin, William F. Howard, Susan A. Griisser, Office of Atty. Gen., Baltimore, MD, for movant.

1. The debtors also moved to withdraw the reference of motions filed by the Maryland Comptroller of the Treasury (the "Comptroller") to convert the debtors from Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101, *et seq.,* to Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701, *et seq.* (motions of the Comptroller collectively referred to as the "conversion motions"). By Memorandum and Order entered April 5, 1993, I denied the debtors' motion to withdraw reference of the conversion motions.

2. Section 157(d) provides that
    The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party *for cause shown.* The

## MEMORANDUM

PADOVA, District Judge.

Motions have been filed by the parties captioned above (collectively, the "debtors") to withdraw the reference to the Bankruptcy Court of the Eastern District of Pennsylvania ("Bankruptcy Court") of an adversary proceeding they recently filed in the Bankruptcy Court.[1] For the following reasons, I will deny the debtors' motions.

In this District, cases or proceedings arising under the Bankruptcy Code are referred automatically to the Bankruptcy Court. *See* 28 U.S.C. § 157(a); Rule 1002.2 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Pennsylvania. The debtors' argue that reference of their adversary proceeding either *must* be withdrawn under 28 U.S.C. § 157(d) or at least *should* be withdrawn under that same section.[2] Section 157(d) contains the following two components: (1) a directive that reference to the Bankruptcy Court "shall" be withdrawn where resolution of the proceeding requires consideration of the Bankruptcy Code and other laws of the United States, and (2) a discretionary provision permitting withdrawal "for cause shown."

The debtors have initiated the instant adversary proceeding by complaint against the Maryland Higher Education Commission, Sheila R. Aery, J. Henry Butta, Ronald A. Phipps, Judy Hendrickson, Michael Beck, the State of Maryland, the Comptroller and Louis Goldstein (collectively, the "defendants"). In their complaint, the debtors claim that the defendants violated 11 U.S.C.A. § 525 (West 1993)[3] and 42

district court *shall,* on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.
28 U.S.C. § 157(d) (emphasis added).

3. 11 U.S.C.A. § 525 provides, in pertinent part, that
    ... a government unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant, condition such a grant to, [or] discriminate with respect to such grant against ... a person that is or has been a debtor under this title or a

U.S.C.A. § 1983 [4] (West 1981 & Supp.1992) by (1) denying them the right to participate in defendant's guaranteed student loan program, (2) requiring a $400,000 bond to operate in the State of Maryland and (3) taking action to terminate the debtors' license to operate in Maryland. These three actions, claim the debtors, were undertaken by the defendants with a discriminatory purpose and solely because the debtors became "debtors" [5] under the Bankruptcy Code.

*Mandatory Withdrawal*

■ The first question I must address in ruling upon the debtor's motion is whether I *must* withdraw the reference of the debtor's adversary proceeding because resolution of that proceeding will require consideration of the Bankruptcy Code and other laws of the United States. The debtor's sole complaint against the defendants is that the debtors have been discriminated against because they have become "debtors" in bankruptcy. This, the debtors assert, is a violation of the Bankruptcy Code, 11 U.S.C.A. § 525. Their claim that 42 U.S.C.A. § 1983 was also violated by this form of discrimination adds nothing of substance to their complaint, for section 1983 does not prohibit discrimination against "debtors," nor "provide for any substantive rights." *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617–18, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979).[6] Section 1983 merely provides a remedy for a violation of federal rights recognized elsewhere. And although there may be some question of whether section 1983

even creates a remedy for violation of 11 U.S.C.A. § 525, *compare Begley v. Philadelphia Elec. Co.*, 41 B.R. 402 (E.D.Pa. 1984) (no remedy) *with In re Watts*, 93 B.R. 350 (E.D.Pa.1988) (recognizing remedy), it is clear that any remedy created by section 1983 in this case is entirely dependent upon the finding of a violation of 11 U.S.C.A. § 525.

■ The mere assertion that a cause of action may arise under non-bankruptcy federal statutes is not sufficient to justify a mandatory withdrawal. Nor is the incidental need to consider non-bankruptcy law sufficient to require withdrawal. Where only routine application of established legal standards is called for or where it is not *clear* that the application and interpretation of non-bankruptcy code statutes will· be necessary to resolve the case, withdrawal is not indicated. *In re Quaker City Gear Works, Inc.*, 128 B.R. 711 (E.D.Pa. 1991). Movant must demonstrate that resolution of the proceedings *will require* substantial and material consideration of non-bankruptcy code federal laws. *In re Texaco, Inc.*, 84 B.R. 911 (S.D.N.Y.1988), *In re Chadborne Industries, Ltd.* 100 B.R. 663, 666–668 (S.D.N.Y.1989). The driving force in this case is the interpretation and application of the bankruptcy code to the facts. Movant has not demonstrated here that anything more than routine application of established non-bankruptcy law standards is required to resolve this case. Under these circumstances, I conclude that man-

---

bankrupt or a debtor under the Bankruptcy Act....

**4.** 42 U.S.C.A. § 1983 provides, in pertinent part, that

[e]very person who, under color of any statute, ordinance, [or] regulation ... of any State ... subjects or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding....

**5.** 11 U.S.C.A. § 101(13) defines "debtor" as follows:

"Debtor" means person or municipality concerning which a case under this title has been commenced;

**6.** The Complaint also states that defendant's conduct constitutes a violation of "the Fourteenth Amendment rights of plaintiffs

..." (paragraphs 45 and 46). I can not determine from the complaint whether such allegations implicate substantive or procedural due process or both. In any event, I read the complaint as connecting any such Fourteenth Amendment deprivation to 11 U.S.C.A. § 541 (Complaint Paragraph 27) which allegedly establishes property rights and 11 U.S.C.A. § 525 which allegedly prohibits discriminatory conduct (Complaint Paragraph 46). Therefore, the presence of the Fourteenth Amendment claim here is incidental to and derived from the debtor's rights under the bankruptcy code.

**112**

datory withdrawal of the reference of the debtor's adversary proceeding should be denied.

*Permissive Withdrawal*

■ Nor does the discretionary component of Section 157(d) warrant the reference's withdrawal. The provisions of Section 157(d) permit the district court to withdraw any case or proceeding for cause shown. The parties recognize that Courts employee a multi-factor analysis to determine whether cause exists, because "for cause shown" is not defined in the statute. Accordingly, in applying a multi-factor analysis, the district court has broad discretion to decide whether the reference should be withdrawn from the bankruptcy court.

■ A threshold factor in determining permissive withdrawal is whether the claim asserted is a core proceeding. Since a bankruptcy judge may not enter a final order or judgment in a non-core proceeding, a reference is much more likely to be withdrawn if the proceeding is non-core. Generally, core proceedings are matters that concern the administration of the debtor's estate in which the right to relief is created by Title 11 of the United States Code. *Windsor Communications Group, Inc. v. Grant*, 75 B.R. 713, 721 (E.D.Pa. 1985) and *In Re Leedy Mortgage Company, Inc.* 62 B.R. 303 (E.D.Pa.1986). I have no difficulty in characterizing the instant proceeding as "core". It arises in the context of a post petition complaint by Chapter 11 debtor seeking essentially injunctive relief to prevent alleged discriminatory conduct because of its debtors' status under the bankruptcy code. The government also asserts in Count 3 of the complaint that 11 U.S.C.A. § 1142(b) authorizes the court to enjoin defendants asserted acts as being necessary for the consummation of the plan adopted pursuant to Chapter 11. (Complaint ¶ 48 through 51).

■ The debtors identify two circumstances where sufficient "cause" has been found to justify permissive withdrawal:

1) Where resolution of the dispute would require extensive discovery, expert testimony, and a lengthy trial, see *In re Leedy*

*Mortgage Company, supra;* and 2) where withdrawal would promote uniformity in bankruptcy administration, expedite the bankruptcy process and foster economic use of debtor's and creditors resources, *See Holland America Insurance Company v. Succession of Roy*, 777 F.2d 992 (5th Cir. 1985). I am not persuaded that withdrawal of reference in this proceeding would satisfy either of these two circumstances. As I have already stated, I regard the complaint as involving essentially the bankruptcy code; it does not raise issues that would intrude upon the bankruptcy process through any significant or unique nonbankruptcy law principles. No jury trial has been requested. Nor do I see the need for extensive discovery, expert testimony, and a lengthy trial which was the case *In re Leedy Mortgage Company, supra.* There is, moreover, presently pending in the bankruptcy court a motion to convert the proceeding to one under Chapter 7. Debtor's have asserted that the instant adversary proceeding is related to the conversion issue. On balance, I believe that this uncomplicated bankruptcy code complaint, which is a core proceeding, should be litigated together with the conversion motion before the bankruptcy court. I do not find sufficient cause to withdraw the reference and exercise my discretion accordingly.