In re Arnold SCHLEIN, Debtor.

Arnold SCHLEIN, Debtor-in-possession, Plaintiff,

v.

Jerome GOLUB, et al., Defendants.

Adv. No. 95–0062.
- Misc. No. 95–MC–165.
Bankruptcy No. 93–14458–SR.

United States District Court,
E.D. Pennsylvania.

Oct. 23, 1995.

See also 182 B.R. 110.

Nathaniel Metz, Buchanan Ingersoll, P.C., Philadelphia, PA, for plaintiff.

Douglas J. Smillie, Clark, Ladner, Fortenbaugh & Young, Philadelphia, PA, for defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

The plaintiff and debtor in the matter before the Court today, Arnold Schlein, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 29, 1993. On February 8, 1995, Mr. Schlein commenced this proceeding by filing a complaint, in which he named as defendants his two sisters, Arlene Golub and Janet Steinberg, as well as his brother-in-law, Jerome Golub (collectively, the "Individual Defendants"). The

**14**

complaint contains allegations sounding in tort and contract, and concerns events arising from the management of seven partnerships owned and operated by the parties. The Individual Defendants thereafter filed a motion to dismiss, in which they contended that the claims set forth in the complaint were time-barred. Moreover, the Individual Defendants requested that the Bankruptcy Court either abstain from hearing the case or transfer venue to the United States District Court in the District of Columbia. Mr. Schlein responded by filing an amended complaint on April 21, 1995, in which he alleged, for the first time, that the Individual Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The filing of the amended complaint had the effect of mooting Defendants' argument in favor of dismissal, and on May 19, 1995, the Bankruptcy Court issued an opinion and order adverse to the Individual Defendants regarding the abstention and transfer issues. *Schlein v. Golub (In re Schlein)*, 182 B.R. 110 (Bankr.E.D.Pa.1995). Thus, on May 26, 1995, the Individual Defendants filed the instant motion to withdraw the reference, which we now address.

### DISCUSSION

■ A motion to withdraw the reference is submitted pursuant to 28 U.S.C. § 157(d), which provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Courts have recognized, however, that a literal application of the second sentence could have the unintended result of permitting the removal of most bankruptcy matters to the district court. *In re Quaker City Gear Works, Inc.*, 128 B.R. 711, 713 (E.D.Pa.1991). As a result, the provision has been read narrowly, so that withdrawal of the reference

is mandatory only where resolution of the claims will require " 'substantial and material' " consideration of non-code federal statutes that have more than a *de minimis* impact on interstate commerce. *In re St. Mary Hosp.*, 115 B.R. 495, 497 (E.D.Pa.1990) (quoting *In re White Motor Corp.*, 42 B.R. 693, 705 (N.D.Ohio 1984)); *see In re Philadelphia Training Ctr. Corp.*, 155 B.R. 109, 111 (E.D.Pa.1993) ("Movant must demonstrate that resolution of the proceedings *will require* substantial and material consideration of non-bankruptcy code federal laws."). Moreover, withdrawal of the reference should not be permitted "where only routine application of established legal standards is called for or when it is not clear that application and interpretation of statutes other than the Bankruptcy Code will be necessary to resolve the case." *Quaker City*, 128 B.R. at 714.

■ Upon review of the amended complaint with these principles in mind, we conclude that the allegations call for the substantial and material consideration of RICO. As a result, we are compelled to grant the Individual Defendant's motion for withdrawal of the reference. In so doing, we note that the amended complaint contains the allegation that the Individual Defendants utilized the United States mails and interstate wires in violation of 18 U.S.C. §§ 1341 and 1343 on at least 100 occasions over the course of seven and a half years. Thus, the court will be called upon to determine whether the acts complained of constitute RICO violations and whether the elements of a RICO violation have been satisfied in each instance. These inquiries necessitate the substantial and material consideration of RICO, which triggers the mandatory withdrawal provision of § 157(d).

■ Alternatively, Mr. Schlein contends that we should deny the Individual Defendants' motion on the ground that it was not filed in a timely fashion. A § 157(d) motion is timely if it is filed at the first reasonable opportunity after the movant has notice of the grounds for removal, taking into consideration the circumstances of the proceeding. *United States v. Kaplan*, 146 B.R. 500, 503 (D.Mass.1992); *see In re Image Storage/Re-*

*trieval Systems, Inc.*, Misc. No. 92–0003, 1992 WL 25373, at *3 (E.D.Pa. Feb. 7, 1992) (applying same standard). The purpose of the timeliness provision is to prevent unnecessary delay and stalling tactics. *Kaplan*, 146 B.R. at 503. Here, Mr. Schlein filed both his opposition to the Individual Defendants' motion to dismiss and the amended complaint on April 21. The Individual Defendants submitted the instant motion within five weeks after Mr. Schlein filed the amended complaint, and one week after the Bankruptcy Court issued its ruling with respect to the abstention and transfer issues. Since there would have been no need to submit the instant motion had the Individual Defendants prevailed on either issue before the Bankruptcy Court, we conclude that they acted with reasonable promptness when they submitted the motion within a week of the Bankruptcy Court's ruling. Accordingly, we reject Mr. Schlein's argument regarding timeliness.

### CONCLUSION

For the aforementioned reasons, we will grant the Individual Defendant's motion to withdraw the reference.