In re TJN, INC., Debtor,

TJN, INC., Plaintiff,

v.

SUPERIOR CONTAINER CORPORATION; Cal Western, Inc.; California State Bank; John T. Thompson; Jimmy R. Phelps; Thompson Leasing Co., LLC; and Phelps Leasing, LLC, Defendants.

Bankruptcy No. 94-73386-W.
Adv. No. 96-8108.

United States Bankruptcy Court,
D. South Carolina.

Dec. 12, 1996.

Barbara Barton, Columbia, SC, for TJN, Inc.

William Short, Columbia, SC, for Superior Container Corporation and Cal Western, Inc.

William Metzger, Columbia, SC, for California State Bank.

## ORDER

JOHN E. WAITES, Bankruptcy Judge.

This matter comes before the Court as a result of a Motion for a Stay Pending Disposition of a Motion for Withdrawal of Reference (the "Motion"). California State Bank (the "Bank") filed the Motion, to which the Debtor, TJN, Inc. ("TJN"), objected. The Defendants Superior Container Corporation ("Superior"), John T. Thompson, Jimmy R. Phelps, Thompson Leasing Co., LLC and Phelps Leasing, LLC joined in the Motion and supported the Bank in its request for a stay. A hearing was held in this matter on December 2, 1996.

The Motion for Withdrawal of Reference was filed by Superior on November 4, 1996. In that motion, Superior asks that the United States District Court for the District of South Carolina withdraw the automatic reference of this adversary proceeding to this court in order that the District Court conduct a jury trial. Superior's assertion of a right to jury trial has only recently been affirmatively asserted despite this adversary being pending since March of 1996. While the Bankruptcy Court in this district is authorized to conduct jury trials, it is only with the consent of all of the parties. Superior has

indicated that it will not consent to a jury trial in this Court. The Bank has asked in this Motion, pursuant to Rule 5011(c) of the Federal Rules of Bankruptcy Procedure, that all ongoing matters in this adversary proceeding be stayed pending consideration of the Motion for Withdrawal of the Reference. For the reasons provided hereinbelow, this Motion is denied.

Based upon the record in this adversary proceeding, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

The Chapter 11 Involuntary Petition which commenced this case was filed in July, 1994. Since that time, the plan of reorganization has been confirmed. Distribution through the confirmed plan has not yet commenced as funding of the plan was predicated upon payments to be received from Superior and Cal Western, Inc. ("Cal West") as a result of the sale to Superior of certain equipment, the sole asset of this bankruptcy estate.

This adversary proceeding was originally brought by TJN in March of 1996 as a result of non-payment by Superior and Cal West alleging a number of causes of action including breach of contract and foreclosure of lien. During the course of this litigation, it has become evident that a substantial portion of the equipment sold by TJN to Superior has been transferred to an entity or entities owned or controlled by the principal of Superior and Cal West, John Thompson. It appears that this equipment is now being used by Cal West and is generating income. A portion of the equipment which was not transferred is not being operated and it is alleged by TJN that it is not being maintained or protected.

In support of its Motion, the Bank asserts that it will be harmed if this adversary proceeding continues in this Court pending consideration of the Motion for Withdrawal of the Reference by the District Court.

### CONCLUSIONS OF LAW

■ The United States Bankruptcy Court exercises its jurisdictional authority based upon a referral by the United States District Court pursuant to 28 U.S.C. § 157(a) and (b). 28 U.S.C. § 157(b) provides,

> Bankruptcy judges may hear and determine all case under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(b).

In South Carolina, the District Court has automatically referred all Title 11 bankruptcy cases and adversary proceedings arising thereunder to this Court. Local Rule 29.01, DSC. The reference is very broad and all-encompassing, but, as with all references, it may be withdrawn.

Rule 5011 of the Federal Rules of Bankruptcy Procedure controls the possibility of a stay pending consideration of a Motion for Withdrawal of Reference. It provides

> The filing of a motion for withdrawal of a case or proceeding ... shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion.

FRBP 5011(c). It is clear from the language of this rule that no stay is created simply as a result of the filing of a Motion for Withdrawal of Reference. Instead, Rule 5011 specifically states that the administration of the case and proceeding will not be stayed pending such consideration.

This Court is therefore faced with the task of applying the language of Rule 5011 to the facts before it and determining whether a stay would be proper in this instance and, if so, on what terms and conditions.

■ This reorganization case has been ongoing in this Court since the summer of 1994 and involved numerous contested hearings, including hearings associated with the sale of the Debtor's equipment, its primary asset, to Superior on December 15, 1994. This adversary proceeding in which Superior, an initial defendant, is seeking the withdrawal of reference, has been ongoing since March, 1996.

Upon Superior's assertion of a right to jury trial, this Court set a hearing for January 8, 1997 in order to determine if the right to a jury trial exists.[1]

The Bank would have this Court prejudge the Motion to Withdraw the Reference and Superior's right to a jury trial and presume that the reference will be withdrawn when the motion is considered by the District Court pursuant to 28 U.S.C. § 157(e). However, since this Court ordinarily determines the right to jury trial (a right which Plaintiff asserts, *inter alia*, has been waived) and since that hearing is scheduled within a few weeks, it would be premature to stay these proceedings absent extenuating circumstances or evidence of prejudicial harm to one of the parties.

Neither the Bank nor the other Defendants have provided any evidence or persuaded this Court of the harm which they would incur without a stay. The Bank has asserted that pretrial motions should be before the judge who will preside over the jury trial. However, considering that no such motions on behalf of the Bank are pending and that the Bank has not yet filed its Answer, this Court sees no prejudice to the Bank. This Court also notes that discovery and motion procedure before this Court is essentially the same as that before the District Court. Furthermore, even if such reference is withdrawn, District Courts often allow the Bankruptcy Court to continue to exercise this jurisdiction up to the point of the jury trial itself. *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122 (4th Cir.1993).

Conversely, the harm which will inure to TJN in the event of a stay appears very real. Testimony in earlier hearings indicates that ownership of the equipment in which the Plaintiff asserts an interest has been transferred *during* this litigation and is presently being operated by entities which are controlled by the same parties who also owned and controlled the initial Defendants Superior and Cal West. There appears a possibility of further threat of loss and deterioration of the equipment pending a determination of the Plaintiff's rights. This Court has also previously determined that there have been delays in discovery due to Superior's actions which mitigates against further delay. The possibility of harm to TJN resulting from a stay of this litigation clearly outweighs the possibility of harm to the Bank or other Defendants.

Pursuant to Rule 5011, the Bank bears the burden of proof in demonstrating to this Court that a stay of these proceedings pending a determination of the Motion to Withdraw would be proper. The Bank has not shown any basis for such a stay that would persuade this Court that a stay is reasonable, necessary or proper. This Court is presently charged with administering this litigation and will do so pending the District Court's decision on the withdrawal or until the right to a jury trial is established. To adopt a policy otherwise would be to allow any party to unilaterally stop the progress of litigation at any stage by merely asserting a right to a jury trial. Absent a showing of harm or extenuating circumstances in this proceeding, this Court cannot determine at this time that such a stay would be proper. It is therefore,

**ORDERED**, that the Motion for Stay Pending Disposition of Motion for Withdrawal of Reference is denied.

---

1. Ordinarily, the Bankruptcy Court in which the adversary is pending is the forum in which the parties' right to jury trial is determined. *Rogers v. Anderson Brothers Bank*, 4:95–1412–22 (D.S.C. 10/17/95). Also see *In re Ward*, 184 B.R. 253 (Bkrtcy.D.S.C.1995), *In re Energy Resources Co., Inc.*, 49 B.R. 278 (Bkrtcy.D.Mass.1985) and *In re Rodgers & Sons, Inc.*, 48 B.R. 683 (Bkrtcy.D.Okla.1985).