In the Matter of PERFECT HOME
L.L.C. EIN: 63–1090549,
Debtor.

Puritan Lace Mfg. Co., Inc., Plaintiff,

v.

Perfect Home, L.L.C., et al., Defendants.

Bankruptcy No. 98–84472–JAC–11.

Adversary No.–98–80294–JAC–11.

United States Bankruptcy Court,
N.D. Alabama,
Northern Division.

Jan. 26, 1999.

Cynthia Slate–Cook, Jerry Knight, Decatur, AL, for Plaintiff.

Kevin Heard, Huntsville, AL, for Defendants.

## MEMORANDUM OPINION

JACK CADDELL, Bankruptcy Judge.

Debtor is in the business of finishing textile lace products. Puritan Lace, Mfg. Co. (hereinafter "Puritan") was one of debtors principal suppliers of raw lace products. A dispute arose between the two and with certain other parties which resulted in two lawsuits, one initiated on February 10, 1997 in the Circuit Court of Morgan County by Puritan versus debtor and other defendants and the other initiated on February 26, 1997 by the debtor versus Puritan and other defendants in the Circuit Court of Madison County. The Madison County case was transferred to Morgan County and consolidated with that case and all the issues were litigated before Judge Sherrie Brown, Circuit Judge. The case took two years to get to the point of trial after much discovery and many pretrial motions. Several interlocutory orders were issued by Judge Brown on motions for summary judgment etc.

The case was finally tried in August of 1998 and after a 10 day trial Puritan obtained judgment against the debtor, Jacquard Lace Co., Inc., Larry Vinson, Puritan Lace Co., Inc. and Panayiotis Diamantis for quantum meruit, civil conspiracy and commercial bribery. All these issues are clearly state court issues of law.

Debtor filed for relief under chapter 11 on November 30, 1998. Judge Brown set aside the state court judgment on December 17, 1998 on the grounds that the commercial bribery and civil conspiracy verdicts were inconsistent verdicts and set re-trial for April 12, 1999. Debtor then removed the entire state court case to bankruptcy and also filed a motion to withdraw the reference and motion to stay pending disposition by the district court of the withdrawal of the reference.

Puritan filed a motion to remand, for discretionary abstention, and for mandatory abstention. Also the Court, as is its normal procedure, entered an order to show cause why case should not be remanded.

All of the motions and counter-motions were heard on January 20, 1999. At the conclusion of the hearing, the Court dictated an order into the record denying the motion for stay by debtor and exercising discretionary and mandatory abstention and remanding the case to state court.

In opposition to the motion to remand and abstain, the debtor contends that this civil action should not be remanded to state court for re-trial, but should instead be tried by a federal court for the following reasons: (1) trial in the federal system would avoid the "wheel of fortune" and "jackpot justice" trend of the state court; (2) trial of the civil action will cost less in federal court than in state court; (3) the federal court system can resolve the civil action faster and more efficiently; and (4) a federal jury pool will be more beneficial to the debtor. In response, Puritan argues that resolution of the proceeding can be achieved more quickly in state court due to the April trial date set by Judge Brown, will cost less in state court, that the state court is much more familiar with the state court issues involved, that it would be cumbersome to bifurcate the case because there is no federal jurisdiction over some of the parties, and that the bankruptcy court should abstain out of comity with state law. Puritan also argues that the debtor's "wheel of fortune," "jackpot justice" and fed-

eral jury pool arguments are both incorrect and inappropriate and that the debtor is simply forum shopping.

At the outset, debtor admits the state court action is not a core bankruptcy proceeding but is only a related proceeding that involves only state law issues. The debtor also admits that the only basis for federal jurisdiction is the "related to" jurisdiction of bankruptcy and that but for the debtor's bankruptcy, there would not no federal jurisdiction.[1] Both parties agreed that the initial determination for this Court is to determine was whether to grant or deny the motion for stay filed by debtor pending the determination of the withdrawal of the reference and that if denied the Court could determine whether abstention and remand was proper. The parties also agreed that the motion to withdraw the reference would be moot if the Court denied the motion for stay and abstained from the case and remanded same to the state court.

## ANALYSIS

### I. Motion for Imposition of Stay

 Bankruptcy Rule 5011(c) provides explicitly that proceedings are not stayed when a motion to withdraw the reference is filed unless the bankruptcy court so orders. Bankruptcy Rule 5011(c) describes the effect of filing a motion for withdrawal and provides:

The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion. A motion for stay ordinarily shall be presented to the bankruptcy judge. A motion for a stay or relief from a stay filed in the district court shall state why it has not been presented to or

---

1. A proceeding is "related to" a bankruptcy case if the outcome of the proceeding "could alter the debtors' rights, liabilities, options, freedom of action, and which in any way impacts upon the handling and administration of the bankrupt es-

tate." *See Hatcher v. Lloyd's of London,* 204 B.R. 227, 230 (M.D.Fla.1997) (J. Albritton). The outcome of this state court action will undoubtedly impact the administration of the debtor's bankruptcy case.

obtained from the bankruptcy judge. Relief granted by the district judge shall be on such terms and conditions as the judge deems proper.

It is clear from the language of this rule that no stay is created simply as a result of the filing of a motion for withdrawal of the reference. Instead, the Court must determine whether a stay would be proper in this instance.

The Court finds that the motion by debtor for imposition of the stay is due to be denied under Rule 5011(c). In support of its position, the debtor alleges that no party will be prejudiced by staying the determination of the motion to remand. The debtor's argument ignores the fact, however, that the state court has set this civil action for re-trial beginning April 12, 1999 and has set aside at least a week for trying same. The original trial took ten days to try. The April trial date is critical to the efficient resolution of this proceeding and the administration of the debtor's bankruptcy estate. To stay this proceeding pending the disposition of the motion to withdraw the reference would be an injustice to all parties and the debtor's bankruptcy estate if the April trial date is lost. The result would be to indefinitely delay the filing of a plan and the forward movement of the entire chapter 11 case.

## II. 28 U.S.C. § 1334(c)(1): Discretionary Abstention

Section 1334(c)(1) governs discretionary abstention and allows a federal court to abstain from hearing a proceeding over which it has related to jurisdiction when to do so is in the interest of justice or in the interest of comity with state courts. In the case of *Twyman v. Wedlo, Inc. (In re Wedlo, Inc.),* 204 B.R. 1006, 1016 (Bankr.N.D.Ala. 1996), the bankruptcy court enumerated the following factors to be considered under § 1334(c)(1):

1) the effect of abstention on the efficient administration of the bankruptcy estate;

2) the extent to which state law issues predominate over bankruptcy issues;

3) the difficulty or unsettled nature of the applicable law;

4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;

6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7) the substance rather than form of an asserted "core" proceeding;

8) the feasibility of severing state law claims from core bankruptcy matters to all judgments to be entered in state court with enforcement left to the bankruptcy court;

9) the burden of the bankruptcy court's docket;

10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11) the existence of a right to a jury trial; and

12) the presence in the proceeding of non-debtor parties.

Applying this criteria to the present case, the Court finds that discretionary abstention is proper in this proceeding. Abstention will promote the efficient administration of the debtor's bankruptcy estate. The state court has already scheduled this matter for re-trial beginning April 12, 1999 and has set aside at least a week to try same. It would be impossible for this Court to schedule a week long jury trial before said time or within any foreseeable time thereafter. Although the debtor argues that resolution of this matter could be handled more quickly by the federal system, there is simply no evidence to support the debtor's contention. It is obvious to the Court that the debtor's efforts here are not to have a speedier disposition of this matter, but that debtor is attempting to delay and miss the April setting. Further, evidence showed that if the April date in the state court is lost, that the next state court jury terms would be in June or August of 1999.

The issues set for re-trial in state court are exclusively matters of state law that are difficult or unsettled as evidence by the state

court's determination that the original eight day trial of this proceeding resulted in an inconsistent verdict. The debtor concedes that this matter is merely "related to" the debtor's chapter 11 case and that the matter is a non-core proceeding. The state court action raises no federal question and could not be in federal court except for the pending bankruptcy case.

The debtor argues that it wishes to avoid the "jackpot justice" system in state court, that it would be more cost efficient to try this matter in federal court, and that the jury pool in federal court would somehow benefit debtor, but offers no evidence to support these contentions. Instead, the Court believes that this is clearly a case of forum shopping. The state court jury rendered a substantial verdict in the approximate amount of $1,500,000 against the debtor and it is clear that the debtor is trying to avoid such outcome at re-trial by removing this exclusively state law cause to federal court.

There also exists a right to a jury trial in the state court case. At the hearing, the non-debtor, defendant Larry Vinson indicated that he did not consent to a jury trial in bankruptcy, but preferred instead to go forward with the April trial date in state court. In addition to the defendant Larry Vinson there are several non-debtor parties involved in this proceeding. Finally, there are six other defendants in the state court action who are not in bankruptcy.

Based upon the foregoing reasons, the Court finds that it should exercise discretionary abstention under § 1334(c)(1) to allow the state court to proceed with this civil action.

### III. 28 U.S.C. § 1334(c)(2): Mandatory Abstention

■ Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2) which requires a bankruptcy court to abstain from hearing a civil proceeding if:

(1) a timely motion to abstain is made by a party to the proceeding; (2) the proceeding is based on a state law claim or state

law cause of action; (3) the proceeding is related to a case under title 11 but did not arise under title 11 or in a case under title 11; (4) the proceeding could not have been commenced in a court of the United States absent jurisdiction under section 1334 and, (5) the proceeding is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction.[2]

For many of the reasons stated above in support of discretionary abstention, the Court finds that mandatory abstention is also mandated under § 1334(c)(2). The motion filed by Puritan requested that this Court abstain from hearing this state court action. The civil action commenced in the state trial court is based exclusively on state law causes of action. Although the civil action is "related to" the debtor's bankruptcy case, it did not arise under the Bankruptcy Code or in a case under the Bankruptcy Code. The state court action raises no federal question and could not be in federal court except for the pending bankruptcy case. As previously discussed, the state court action was commenced in and can be timely adjudicated in the state court. No evidence has been presented that the trial of this lawsuit can be heard more quickly in the federal system. Accordingly, the Court finds that mandatory abstention is proper in this case.

### IV. 28 U.S.C. § 1452: Remand

■ The Court may remand this cause of action to state court for equitable reasons.[3] In *Glover v. Midland Mtg. Co.*, 228 B.R. 293, 313 (N.D.Ala.1998), the district court listed the following equitable grounds on which remand may be premised:

(1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity consid-

---

**2.** *In re Wedlo, Inc.*, 204 B.R. at 1019.

**3.** *Glover*, 228 B.R. at 313.

erations; and (8) a lessened possibility of an inconsistent result.

In that case, Judge Buttram determined that the state court was better equipped to resolve the issues in the case where the case involved interpretations of state law and potentially involved claims related to non-bankrupt plaintiffs.[4]

In the present case, the Court finds that equitable grounds for remand exist and mandate remand. The forum in the state trial court is more convenient for all of the parties involved. In particular, the defendant, Larry Vinson, stated that he prefers to re-try this case in the state court forum. It would be cumbersome to bifurcate the case. The state court is better able to resolve the complicated issues involved in this proceeding and has particular expertise in this case. Having presided over an eight day jury trial and ruled on numerous pre-trial issues in this case, the state court judge is intimately aware of the issues involved in this proceeding and is better equipped to handle this case with judicial efficiency. Accordingly, the Court finds that remand is appropriate in this case.

A separate order will be entered consistent with this opinion.