### In re EAGLE ENTERPRISES, INC., Debtors.

### In re Liberty Recovery System, Inc., Debtors.

**Mitchell W. Miller, as Trustee of the Estate of Liberty Recovery Systems, Inc. and Eagle Enterprises, Inc. and United Container Systems (Deutschland) Gmbh, Plaintiffs,**

v.

**Vigilant Insurance Company and Designed Coverage Corporation, Defendants.**

Bankruptcy Nos. 98–11297 SR, 98–11298 SR.
Adversary No. 00–700.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 9, 2001.

See also 2001 WL 125194.

## OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

### Introduction.

In the above adversary proceeding, Defendant Vigilant Insurance Company (Vigilant) seeks a stay of all proceedings pending determination by the District Court of Vigilant's Motion for Withdrawal of the Reference. Vigilant's Motion for Stay is opposed by Plaintiffs Mitchell W. Miller, Trustee (the Trustee) and United Container Systems (UCS). For the reasons discussed herein, the Motion for Stay will be granted.

### Background

This adversary proceeding arises out of the settlement of a prior adversary proceeding (98–0450) also brought in this bankruptcy. That settlement resolved claims which UCS and Electra Intermodal Systems, Inc. (Electra) had brought against the Trustee regarding ownership of three pieces of machinery known as top lifters. As part of the settlement, the Trustee agreed to retain counsel for UCS and Electra as special counsel for the purposes of pursuing insurance claims for damage to the top lifters.

On October 12, 2000, the Trustee and UCS, as co-plaintiffs, filed the above-captioned adversary proceeding (the Complaint) against Vigilant and Designed Insurance Coverage Corporation (Designed) alleging breach of contract, breach of fidu-

ciary duty, and professional negligence. Included in the Complaint is a demand for a jury trial. Of the two defendants, only Designed filed an Answer to the Complaint. Vigilant opted to file a Motion for Stay (the Stay Motion) with this Court and a Motion for Withdrawal of the Reference and Abstention (the Withdrawal Motion) with the District Court.[1] As grounds for staying the Complaint, Vigilant alleged that this adversary proceeding was identical to a case already pending in the Supreme Court of the State of New York, *Mitchell Miller, Trustee, Interpool, Ltd, and Trac Lease, Inc. v. Vigilant Insurance Company and Designed Coverage Corporation,* Index No. 602278/2000 (the New York State Court Action) and should be consolidated with it; that the Plaintiffs' demand for a jury trial deprives this Court of subject matter jurisdiction over what it believes are non-core state law claims; and that to permit this adversary proceeding to go forward would cause a waste of judicial resources since the identical issues are being litigated in the New York State Court Action. *See* Stay Motion, pp. 4,5. The Plaintiffs opposed the Stay Motion on the grounds that having refused to pay the claim since December 1998, Vigilant should not be permitted to further delay resolution of this matter.[2]

A hearing was held on the Stay Motion on January 8, 2001. After oral argument, we took the matter under advisement.

### Discussion

■■■ Bankruptcy Rule 5011(c) provides explicitly that proceedings are not stayed when a motion to withdraw the reference is filed unless the court so orders. *In re Perfect Home, LLC,* 231 B.R.

358, 360 (Bankr.N.D.Ala.1999). The rule states:

> The filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. § 1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion.

Bankruptcy Rule 5011(c). The rule clearly states that the Bankruptcy Court is not required to abstain or stay proceedings pending the districts court's decision on the motion to withdraw the reference. *In re Interco, Inc.,* 135 B.R. 359, 361 (Bankr. E.D.Mo.1991). The question is more properly couched in terms of whether the Bankruptcy Court should stay the proceedings pending the district court's decision. *Id.*

■■■ Pursuant to Rule 5011, the moving party bears the burden of proof in demonstrating to this Court that a stay of these proceedings pending a determination of the Motion to Withdraw the Reference would be proper. *In re TJN, Inc.,* 207 B.R. 499, 501 (Bankr.D.S.C.1996). The substance of the Motion for a stay pending decision on a motion for withdrawal of reference follows the same standards as any motion for stay. A movant must demonstrate: the likelihood of prevailing on the merits, i.e., that the pending motion will be granted; that movant will suffer irreparable harm if the stay is denied; that the other party will not be substantially harmed by the stay; and that the public interest will be served by granting the stay. 9 *Collier on Bankruptcy,* ¶ 5011.03[2][a], 5011–16,17 (Matthew Bend-

---

1. We pointed out at the hearing on this matter that the Motion for Abstention was erroneously filed in the District Court, as that request should more properly have been posed here. Vigilant apparently interpreted the Court's remarks as a "request" to file such motion here (which it was not) and since the hearing, Vigilant has filed an identical Abstention Motion here.

2. Plaintiffs, too, have failed to follow the proper procedure in responding to Vigilant's Motions. Plaintiff's have filed in this Court one Memorandum in Opposition to all of Vigilant's requests. Their opposition to withdrawal of the reference should have been filed with the District Court.

er 15th Ed. Revised 2000)(*quoting Interco,* 135 B.R. at 361)

### *Likelihood that Vigilant will Prevail on the Merits*

■ We now turn to the Withdrawal Motion (pending in the District Court) in order to assess its likelihood of success. 11 U.S.C. § 157(d) provides for the withdrawal of the reference from the bankruptcy court:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

11 U.S.C. § 157(d). Section 157(d) provides for either permissive withdrawal of the reference, upon a showing of cause, or mandatory withdrawal of reference if consideration of certain other federal statutes is necessary. 9 Collier on Bankruptcy, ¶ 5011.01[1][b] (Matthew Bender 15th Ed. Revised 2000).

■ Mandatory withdrawal is appropriate only where resolution of the claims will require " 'substantial and material' " consideration of non-code federal statutes that have more than a de minimis impact on interstate commerce. *See In re Schlein,* 188 B.R. 13 (E.D.Pa.1995) (citing *In re White Motor Corp.,* 42 B.R. 693, 705 (N.D.Ohio 1984)); *see In re Philadelphia Training Ctr. Corp.,* 155 B.R. 109, 111 (E.D.Pa.1993) ("Movant must demonstrate that resolution of the proceedings will require substantial and material consideration of non-bankruptcy code federal laws."). Moreover, withdrawal of the reference should not be permitted "where only routine application of established legal standards is called for, or when it is not clear that application and interpretation of statutes other than the Bankruptcy Code will be necessary to resolve the case." *In re Quaker City Gear Works, Inc.,* 128 B.R. 711, 714 (E.D.Pa.1991)

Here, the non-bankruptcy law which must be applied is either Pennsylvania or New York common law as it relates to causes of action for breach of contract, breach of fiduciary duty, and professional negligence. None of these claims involves a Federal statute. As such, the District Court may find that no grounds exist for mandatory withdrawal of the reference.

■ We next examine whether grounds exist for permissive withdrawal and note that there is no statutory definition of what constitutes "cause shown" under 28 U.S.C. § 157(d). *See In re Pelullo,* 1997 WL 535155 at *2. (E.D.Pa.). A threshold factor is whether the proceeding is "core" or "non-core" to the bankruptcy case. *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101 (2nd Cir.1993); *In re Philadelphia Training Center Corp.,* 155 B.R. 109, 112 (E.D.Pa.1993). A proceeding is "core" if it "invokes a substantive right provided by title 11 or if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." *Torkelsen v. Maggio (In re the Guild and Gallery Plus, Inc.),* 72 F.3d 1171, 1178 (3d Cir.1996); *see also* 28 U.S.C. § 157(b)(2)

■ The claims of the Plaintiffs neither invoke rights provided by Title 11, nor claims which arise only in the context of a bankruptcy case. They depend solely on state law and could proceed outside the bankruptcy court. However, these claims are property of the estate because they could conceivably impact the handling and financial affairs of the estate. *See Torkelsen,* 72 F.3d at 1180–82 (*discussing Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir. 1984)). Thus, even though the instant adversary proceeding is non-core, federal jurisdiction exists because the proceeding is related to this bankruptcy case. *See* 28 U.S.C. S 1334(b). Accordingly, the Plain-

tiffs causes of action are non-core, related claims.

 Having determined that the instant Complaint presents non-core claims related to this bankruptcy proceeding, we believe that the District Court will likely conclude that cause exists to grant the Withdrawal Motion for at least two reasons. First, Vigilant correctly argues that Plaintiffs' request for a jury trial deprives this Court of subject matter jurisdiction of those claims. 11 U.S.C. § 157(e) provides:

If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties. 28 U.S.C. § 157(e).

Since the claims at issue are noncore and the Plaintiffs have requested a jury trial, the Complaint would have to be tried by the District Court unless Vigilant were to consent to a jury trial in the Bankruptcy Court. *See Beard v. Braunstein,* 914 F.2d 434, 443 (3rd Cir.1990) (because the Seventh Amendment limitations on the review of jury findings are incompatible with 28 U.S.C. § 157(c), which requires that any contested finding by the bankruptcy court in a non-core related proceeding be reviewed de novo, bankruptcy court can "hear and determine" noncore matter only with consent of all parties); *accord In re Joshua Hill, Inc.,* 199 B.R. 298, 323 (E.D.Pa.1996). Vigilant has indicated its refusal to consent to a jury trial in this Court. *See* Stay Motion, pp. 4–5. Consequently, we believe that it is more likely than not that the District Court will ultimately withdraw the reference of this matter on those grounds.

Irrespective of the jury demand, we believe that the District Court would find sufficient cause for permissive withdrawal. The Third Circuit has set forth factors which the District Court should consider in deciding whether permissive withdraw is warranted. These factors include: (1) pro-

moting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. *In re Pruitt,* 910 F.2d 1160, 1168 (3rd Cir.1990) (*adopting Holland America Ins. Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir. 1985)).

In light of these factors, Vigilant's argument that this Complaint should be withdrawn so that it can thereafter be consolidated with the New York State Court Action is well taken. See Transcript, p. 16. According to Vigilant, the New York State Court Action involves commons questions of law and fact and will have substantial overlap of facts, issues and transactions. See Transcript, p. 12. Our review of both complaints confirms this. Both involve the same insurance policy, the same insured, the same insurer, the same broker, and damage to waste disposal equipment. The District Court may likely withdraw the Complaint on the grounds that judicial economy would be served by trying both cases at the same time; that having the Complaint tried in New York would prevent forum shopping and reduce the risk of inconsistent outcomes; and that having both cases tried in the same proceeding would be an economic use of the litigants' resources.

### Potential Harm to the Parties

Were we not to stay the Complaint pending the District Court's ruling on the Withdrawal Motion, Vigilant would suffer harm in the form of duplicative costs of litigating in this Court and in New York. On the other hand, the Plaintiffs would sustain minimal harm if the Complaint were stayed. The Trustee will try this case either here or in New York and has counsel retained for each action. We are cognizant of the fact that UCS would have to obtain counsel in New York in the event that the Complaint is consolidated there;

however, we do not see that this would prejudice UCS inasmuch as the case is relatively new. No pretrial scheduling has yet occurred and the parties have not mentioned whether any discovery has commenced. Regardless, any such potential harm is seemingly greatly outweighed by the attendant benefits to the parties, as well as a consideration of the public interest, judicial economy and uniformity. Accordingly, Vigilant's Motion for Stay of the Complaint pending the District Court's ruling on the Withdrawal Motion will be granted.