In re Creighton J. NADY and Laurie B. Nady, husband and wife, dba Nevada Foreign Exchange, Debtors.

Barry L. SOLOMON, Trustee, Plaintiff,

v.

SECURITY PACIFIC BANK NEVADA, Defendant.

No. CV–N–92–51–ECR.

United States District Court, D. Nevada.

Feb. 5, 1992.

Donald F. Drummond, San Francisco, Cal., Sp. Counsel, Sallie B. Armstrong and Cecilia L. Rosenauer, Reno, Nev., for Barry L. Solomon, trustee, plaintiff.

J. Stephen Peek, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

The order entered February 4, 1992 (document $ 3), is hereby amended to read as follows: On January 22, 1992, plaintiff filed a Joinder of Plaintiff Barry L. Solomon in Motion for Withdrawal of Reference (document $ 1) in this Court. Defendant had filed a motion for withdrawal of reference (document # 7 of BK–N–91–24–JHT) in the Bankruptcy Court. Such motion, however, does not appear in the District Court file. Plaintiff's joinder in the District Court file is identical to his joinder in the Bankruptcy Court file (document $ 9 of BK–N–91–24–JHT). We address the motion to withdraw the reference and the joinder.

Plaintiff trustee, on behalf of debtor's estate, filed an adversary claim against defendant, apparently a creditor of debtor, after debtor filed for protection under the bankruptcy code. Plaintiff's complaint contains eight causes of action against defendant: 1) Violation of various sections of the Code of Federal Regulations; 2) Breach of Contract; 3) and 4) Avoidance of Preferential Transfers; 5) Avoidance of Fraudulent Conveyance under the bankruptcy code; 6) Avoidance of Fraudulent Conveyance under Nevada law; 7) Equitable Subordination; 8) Fraud.

■ The parties seem to agree that all the claims except for 1), 2) and 8) are core proceedings. Thus, under 28 U.S.C. § 157(a) and (b), clearly the core claims may be heard by the Bankruptcy Court. While plaintiff states that whether a Bankruptcy Court may conduct a jury trial as to a core proceeding is unsettled, we conclude that this issue is immaterial because the Ninth Circuit Bankruptcy Appellate Panel has concluded that claims coming under the "historically equitable bankruptcy process," core claims, do not entitle the parties to a jury trial at all. *In re Hooper,* 112 B.R. 1009, 1012 (9th Cir. BAP 1990).

While the *Hooper* Court was facing the "core" issue of dischargeability, the Court did not restrict its holding to that one issue. *Id.* Rather, the Court indicated that its holding applied to any core bankruptcy claim. "Issues surrounding a debtor's discharge and the dischargeability of certain debts are inextricably bound to and arise only in connection with bankruptcy relief because *such issues concern whether the debtor will be granted the protection and benefits of bankruptcy." Id.* Moreover, "the genesis of bankruptcy relief (not just dischargeability doctrine) was in proceedings brought in English courts of equity. *Id.* (citation omitted)." Thus, the parties are not entitled to a jury trial on the core claims, which clearly are within the Bankruptcy Court's authority to decide without any aid from the District Court.

Even if the parties are entitled to a jury trial on their core claims, and even if a Bankruptcy Court may not conduct a jury trial on a core proceeding, such Bankruptcy Court nonetheless may preside over all aspects of the litigation of such claims except for acting as the finder of fact and rendering a decision. The reasons for this conclusion are discussed below in the Court's consideration of the non-core claims. The analysis is equally applicable.

■ The parties argue that the other three claims are non-core proceedings. For purposes of the motion to withdraw the reference only, we accept that claims 1), 2), and 8) are non-core claims.

Nonetheless, as plaintiff points out, under 28 U.S.C. § 157(c)(1), a Bankruptcy Judge may hear a non-core proceeding otherwise related to the bankruptcy case. In this case, each of the three non-core claims clearly is related to the bankruptcy case. Thus, the Bankruptcy Judge may make and submit proposed findings of fact and conclusions of law to this Court on the three non-core claims. After receiving such findings and objections thereto, this Court may enter orders or judgments on the claims.

Of course, if a jury trial is warranted on any or all of the three non-core claims, the

matter becomes complicated. We note, however, that the question of whether the Bankruptcy Court may hear the three non-core claims in a general sense is separate from the question of whether the parties are entitled to a jury trial, either in the Bankruptcy Court or from this Court, on such claims.

Thus, the jury trial issue aside, the Bankruptcy Court may hear the three non-core claims, and submit proposed findings of fact and law. If the parties are entitled to a jury trial on the non-core proceedings, under 28 U.S.C. § 157(c)(1), the Bankruptcy Judge has the authority to handle all aspects of the case except for finding the facts. Thus, for example, the bankruptcy judge could rule on discovery matters and submit its conclusions and recommendations as to dispositive motions such as motions to dismiss, motions for summary judgment, etc.

In short, the Bankruptcy Judge could submit recommendations as to everything short of finding the facts and returning a verdict. Whether or not a jury trial is proper on the non-core claims, the Bankruptcy Judge may take action in accordance with 28 U.S.C. § 157(c)(1), except that the judge may not act as a jury would act.

Tying this analysis together, we conclude that as to the core claims, this Court need not take jurisdiction over any aspect of such claims. That is, the Bankruptcy Court may handle such claims and enter orders and judgments as to such claims. Of course, in the event of an appeal, either party could direct such appeal to this Court instead of to the Bankruptcy Appellate Panel.

As to claims 1), 2) and 8), even if a jury trial is warranted as to such claims, until the case is ready for trial, the Bankruptcy Court may handle all aspects of the claims, whether they are characterized as core or non-core. If such claims are core, the Bankruptcy Court may enter orders and judgments as to dispositive motions. If such claims are non-core, while the Bankruptcy Court may not enter orders and judgments as to dispositive motions, it may submit recommendations to this Court as to what action to take. In either case, withdrawal of the reference would be improper because withdrawing the reference would remove the case completely from the Bankruptcy Court and place the case in this Court.

■ Thus, at this stage, withdrawing the reference is premature, whether or not the parties are entitled to a jury trial on any, some, or all of the issues, and no matter how the claims are characterized (core vs. non-core). If the case proceeds such that the case is ready for trial, and the Bankruptcy Court is not authorized to hear the case, the parties at that time should refile their motion to withdraw the reference.

IT IS, THEREFORE, HEREBY ORDERED that the motion to withdraw (document # 7 of BK–N–91–24–JHT) supplemented by the joinder (document $ 1 of this case and document # 9 of BK–N–91–24–JHT) is DENIED. Without ruling on the jury trial issue or the characterization issue (core vs. non-core), we hold that the Bankruptcy Court may handle all the pre-trial aspects of the core claims (and may even be able to handle the trial of such claims), and as to the pre-trial aspects of the non-core claims, may make and submit to this Court proposed conclusions and findings.