**BARLOW & PEEK, INC., Plaintiff,**

v.

**MANKE TRUCK LINES, INC., et al., Defendants.**

**No. CV-N-93-166-ECR.**

United States District Court, D. Nevada.

March 12, 1993.

Michael B. Springer, Reno, NV, for plaintiff.

J. Douglas Clark, Reno, NV, for defendants.

## ORDER

EDWARD C. REED, Jr., District Judge.

On March 5, 1993, this Court entered its order (document # 2) disapproving the recommendation that reference of this case to the Bankruptcy Court be withdrawn. The Court now explains its basis for the order.

■ The basis for the proposed withdrawal is that the action in question is non core and arose under state law, but is otherwise related to a case under Title 11, and, further, that a demand for jury trial has been made by plaintiff. It is also noted that defendants do not consent to the entry of a final order or judgment by the Bankruptcy Judge.

These circumstances do not justify a withdrawal of the reference. The case has continuing obvious involvement with the Bankruptcy Court. The outcome of the proceeding will affect the amount of funds available for distribution to the creditors of the bankruptcy estate. The plaintiff in the adversary action is the debtor who is in bankruptcy. It may become necessary for funds to be sought from the bankruptcy estate in order to carry the litigation forward. Any settlement of the action may require approval of the Bankruptcy Court. There are likely to be other involvements with the Bankruptcy Court and estate.

■ Even though the Bankruptcy Judge may not be able to go as far as conducting a jury trial on a complaint, he can perform all other judicial acts and conduct all proceedings short of that and the entry of final judgment on a motion. The Bankruptcy Judge can, for example, entertain a motion to dismiss or motion for summary judgment and submit proposed findings of fact, conclusions of law and a recommendation for disposition of the non core case or issues in it to the District Judge. The Bankruptcy Judge has the authority to rule on all other pretrial motions and to conduct all discovery and other pretrial proceedings, make all rulings which relate thereto, and to do everything right up to (but not including unfortunately for all concerned) the actual conduct of the jury trial.

■ So, it may be concluded that a Bankruptcy Judge can hear a non core proceeding otherwise related to the Bankruptcy case. The question of whether the Bankruptcy Judge may hear the non core claims in a general sense is separate from the prohibition on his conduct of a jury trial. The Bankruptcy Judge is merely precluded from fact finding on disputed dispositive issues and the conduct of jury trials where the jury is the fact finder.

■ Since the case is related to and cannot avoid to a considerable extent being intertwined with the bankruptcy case, it is meet and appropriate that the Bankruptcy Judge conduct the proceedings including those which involve bankruptcy matters and those which involve the non core proceedings up to the point of entry of final judgment on a motion and the possible conduct of a jury trial should that become necessary. The Bankruptcy Judge with his knowledge and experience in dealing with the bankruptcy aspects of the case is far better equipped to deal with the case up to that point than the District Judge.

■ Withdrawal of the order of reference is premature. Counsel may reapply for withdrawal of the order at some future point when it is clear that a jury trial will be necessary and that the case is prepared and ready for such trial to commence.

■ The filing of a jury demand in a non core proceeding which is related to a bankruptcy case should not result in the District Judge on a knee jerk basis withdrawing the order of reference. See *In re Creighton Nady,* 138 B.R. 608 (D.Nev.1992).

*IT IS THEREFORE HEREBY ORDERED* that the previous order of the Court filed March 5, 1993, (document # 2) disapproving the recommendation for withdrawal of the order of reference for this case is *AFFIRMED.* This District Court case is closed.