In re AMERICAN CAPITAL EQUIP-
MENT, LLC and Skinner En-
gine Company, Debtors.

Travelers Casualty and Surety
Company, Movant,

v.

Skinner Engine Company, Inc. and
The Fairchild Corporation,
Respondents.

Civ. No. 05–246.
Bankruptcy No. 01–23987.
Adversary No. 05–2253–MBM.

United States District Court,
W.D. Pennsylvania.

May 2, 2005.

Leonard P. Goldberger, White & Williams, Philadelphia, PA, for Movant.

Nicholas Pasciullo, White & Williams, Pittsburgh, PA, for Respondents.

## MEMORANDUM

LANCASTER, District Judge.

This is a declaratory judgment action seeking a determination of movant's rights under various policies of insurance held by respondents. Respondent Skinner is a debtor in the above referenced bankruptcy action pending before the United States Bankruptcy Court for the Western District of Pennsylvania. Respondent Fairchild was at one time related to Skinner and allegedly shared insurance policies with it. Movant Travelers is one of Skinner's insurers. The insurance policies at issue in

this case are central to the pending bankruptcy case because they will provide the primary source of funds to settle and pay more than 30,000 asbestos bodily injury claims being asserted against Skinner in its bankruptcy case.

Travelers filed an adversary proceeding in the bankruptcy court seeking a ruling that it is no longer obligated to defend or indemnify Skinner against its asbestos liabilities because Skinner breached various terms of the insurance policies as a result of its involvement in the bankruptcy proceedings. Travelers also seeks monetary damages. Travelers has filed a motion to withdraw reference of the adversary proceeding. Travelers contends that the bankruptcy court should not exercise jurisdiction over its declaratory judgment complaint because it raises non-core issues, because Travelers is entitled to a jury trial on its claims, because a non-debtor (Fairchild) has been named as a defendant, and because judicial economy would be served by this court presiding over the adversary proceeding.

For the reasons set forth below, the motion will be denied.

## I. *BACKGROUND*

On April 16, 2001, Skinner sought protection under Chapter 11 of the Bankruptcy Code. At that time, Skinner had more than 29,000 asbestos-related suits pending against it, which claims are by far Skinner's largest liability in bankruptcy. Skinner claims to have insurance coverage for those bodily injury claims under both primary and excess insurance policies issued by Travelers, as well as other insurance companies. Travelers alleged that the asbestos claims were not meritorious and that it was not obligated to provide coverage under the insurance policies for a variety of reasons. Nevertheless, early in the bankruptcy process, Travelers requested

time to exclusively negotiate with the asbestos claimants, and others, to arrive at a consensual plan of reorganization.

In December of 2003, at a hearing before the bankruptcy court, Skinner indicated that it had also been negotiating with the asbestos claimants because it was apparent that the insurers would not be proposing a consensual plan. In February of 2004, Skinner and the asbestos claimants filed a·proposed plan of reorganization under which all asbestos claims would be channeled to a trust and administered pursuant to trust procedures similar to those used by the *Manville* Trust. A year later, and on the eve of a plan confirmation hearing scheduled for March 10, 2005, Travelers filed this adversary proceeding seeking a declaration that it had no further duty to defend or indemnify Skinner because Skinner had breached the policies: (1) by negotiating independently with the asbestos claimants (in mid to late 2003); and (2) because the plan proposed by Skinner (in early 2004), if ever confirmed, would violate various terms of the insurance contracts. Travelers then filed papers seeking to withdraw reference of that adversary proceeding to this court.

## II. *STANDARD OF REVIEW*

The district court has original, but not exclusive, jurisdiction over all bankruptcy proceedings. 28 U.S.C.A. § 1334(b). The bankruptcy court exercises such jurisdiction under a standing order of reference, as provided by 28 U.S.C.A § 157(a). Once a Title 11 proceeding has been referred to the bankruptcy court, the district court's authority to withdraw the reference is governed by 28 U.S.C.A. § 157, which provides for both mandatory and permissive withdrawal. Under section 157(d):

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own

motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

Withdrawal from the bankruptcy court is mandatory where the district court determines that resolution of the proceeding requires consideration of both Title 11 and other federal laws.

■ Withdrawal from the bankruptcy court is permissive under the statute "for cause shown." As the movant in this case, Travelers bears the burden to show cause. *In re NDEP Corp.,* 203 B.R. 905, 907 (D.Del.1996). Although the phrase "for cause shown" is not defined in the statute, the Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir. 1990).

■ Another factor that the district court should consider is whether the parties have requested a jury trial. Bankruptcy courts cannot conduct jury trials unless the parties consent. 28 U.S.C.A. § 157(e). However, assertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the bankruptcy court, is not of itself sufficient cause to justify discretionary withdrawal. *In re Northwestern Institute*

*of Psychiatry, Inc.,* 268 B.R. 79, 84 (Bankr. E.D.Pa.2001).

■ Finally, it is important in assessing the propriety of withdrawing the reference to determine whether the action sought to be withdrawn is a core or non-core proceeding. *See* 28 U.S.C.A. § 157(b)(1). While the bankruptcy courts have jurisdiction to hear both core and non-core matters, the scope of the bankruptcy court's authority is different. When adjudicating core matters, the bankruptcy court may issue final orders and judgments. 28 U.S.C. § 157(b)(1). In non-core matters, the bankruptcy court has more limited powers. It may not issue final orders and judgments; rather, it must submit proposed findings of fact and conclusions of law to the district court for *de novo* review. 28 U.S.C.A. § 157(c)(1).

■ The Court of Appeals for the Third Circuit considers a proceeding to be core "if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *CoreStates Bank v. Huls,* 176 F.3d 187, 196 (3d Cir. 1999); *In re Guild and Gallery Plus, Inc.,* 72 F.3d 1171, 1178 (3d Cir.1996) (quoting *In re Marcus Hook Dev. Park, Inc.,* 943 F.2d 261, 267 (3d Cir.1991)). A core proceeding "must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment although of necessity there may be peripheral state law involvement." *Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc.,* 107 B.R. 34, 39 (D.Del.1989).

## III. DISCUSSION

■ Travelers has moved to withdraw the reference of its declaratory judgment adversary proceeding. According to Travelers, the reference should be withdrawn because: (1) the adversary proceeding

raises non-core issues; (2) the adversary proceeding names a non-debtor as a defendant; (3) Travelers has demanded a jury trial; and (4) judicial economy is best served by withdrawal of the reference. Respondent Fairchild essentially joins in the arguments made by Travelers.

In contrast, Skinner argues that the adversary proceeding raises core issues, and on that basis alone should be retained under the bankruptcy court's jurisdiction. In the alternative, Skinner argues that if the proceeding is considered non-core, this adversary proceeding should remain with the bankruptcy court as a matter of discretion.

The court finds that the adversary proceeding is a core proceeding. We find that while Travelers has requested a jury trial, that factor does not warrant immediate withdrawal of the reference. In addition, we find that Fairchild's presence as a defendant in the adversary proceeding does not require withdrawal of the reference under the circumstances. Finally, the five factors that the Court of Appeals for the Third Circuit has established for consideration in ruling on a motion to withdraw the reference also weigh in favor of our denial of Travelers' motion. Based on all these findings, Travelers' motion to withdraw reference is denied. The adversary proceeding shall be adjudicated by the bankruptcy court.

### A. Travelers' Declaratory Judgment Complaint

As an initial matter, it is important to understand the nature and context of Travelers' declaratory judgment complaint. Travelers contends that it has no further duty to defend or indemnify Skinner against its asbestos liabilities because: (1) Skinner materially breached the insurance policies by negotiating a consensual plan of reorganization with the asbestos

claimants; and (2) the plan of reorganization proposed by Skinner and the asbestos claimants, and the related trust disposition procedures, violate various clauses, terms, conditions, exclusions, and limitations of the policies. As alleged in Travelers' own complaint, the relief sought in this adversary proceeding is inextricably tied to the debtor's actions in negotiating and proposing a plan of reorganization in the course of its bankruptcy case. This is not simply an insurance coverage action brought by a debtor that happens to take place at the same time as its bankruptcy case. It is a declaratory judgment action filed by one of the debtor's insurers seeking to avoid any and all liability under the debtor's insurance polices based solely on the debtor's actions in its bankruptcy case.

### B. Mandatory Withdrawal

Withdrawal is mandatory only where the proceeding raises issues under both Title 11 and some other federal law. 28 U.S.C.A. § 157(d). Travelers' adversary complaint raises no issues under any other federal laws. As such, withdrawal is not mandatory.

### C. Permissive Withdrawal

Therefore, if we withdraw reference of this adversary proceeding, we do so at our discretion, under the standards applicable to permissive withdrawal. Under those standards, Travelers must show cause in order to justify withdrawal of the reference. Travelers contends that cause exists to withdraw the reference of this adversary proceeding because this is a non-core proceeding, it has requested a jury trial, a non-debtor has been named as a defendant, and judicial economy would be served.

We are directed to consider several factors in determining whether "cause" exists for discretionary withdrawal. These fac-

tors include: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. *In re Pruitt,* 910 F.2d at 1168. In addition, we must also consider whether a proceeding is core or non-core, and whether a jury trial has been requested.

### 1. *Core vs. Non–Core*

■ Determining whether a proceeding is core or non-core is considered important in ruling on a motion to withdraw reference because bankruptcy courts have broad authority to adjudicate core proceedings, but limited authority to preside over non-core matters. Neither party has cited controlling case law as to whether a declaratory judgment action of the nature asserted by Travelers is a core proceeding.

Courts in other jurisdictions, have reached opposite conclusions when faced with the question of whether insurance coverage disputes are core or non-core proceedings. *See* Andrew Muha and James Restivo, *Trying Debtor's Insurance Coverage Disputes in Bankruptcy Court* (April 2003) (collecting cases) (available at www.reedsmith.com/library). It appears that a fact of major importance in making this determination is whether the insurance assets at issue in the adversary proceeding are a large portion of the debtor's estate or are essential to the reorganization process. In this case, the insurance proceeds could exceed $145 million and are the most significant asset being contributed to the asbestos trust, which will resolve Skinner's asbestos bodily injury claims, the largest liability in Skinner's bankruptcy case. As such, under the reasoning of these cases from other jurisdictions, this

proceeding would be deemed core on that basis alone.

However, this line of cases is not controlling. Furthermore, this is not a garden-variety insurance coverage dispute filed by a debtor, or a trustee, seeking to collect insurance proceeds in the context of a bankruptcy case. As explained above, this adversary proceeding is an attempt by an insurer to avoid all liability under insurance polices held by the debtor based solely on the debtor's negotiation and proposal of a bankruptcy plan.

In the absence of controlling case law, we apply the general principles established by the Court of Appeals for the Third Circuit for determining whether a proceeding is core or non-core. A proceeding is core "... if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *CoreStates Bank v. Huls,* 176 F.3d at 196; *In re Guild and Gallery Plus, Inc.,* 72 F.3d at 1178. As one court in this circuit has interpreted that standard, if the rights being adjudicated "would not exist independent of a bankruptcy environment" the matter is core. *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities, Inc.,* 107 B.R. at 39.

In this case, Travelers itself has framed the issues in its declaratory judgment complaint such that the claims and rights that it asserts could arise only in the context of this bankruptcy case and would not exist independent of the bankruptcy environment. According to Travelers' complaint, Travelers will be excused from its duty to defend and indemnify Skinner only if Skinner's actions in negotiating and formulating a plan of reorganization in the bankruptcy case violate the insurance policies. Travelers has asked specifically for a determination of what effect the debtor's negotiations in bankruptcy and the debtor's proposed plan in bankruptcy have on its contracts of insurance with the debtor.

Under those circumstances, Travelers' claims could not arise outside the context of bankruptcy. As such, we find that the adversary proceeding is core.

### 2. *Request for a Jury Trial*

Travelers has requested a jury trial. A bankruptcy court may only conduct a jury trial if both parties consent. 28 U.S.C.A. § 157(e). Travelers has not consented. However, contrary to Travelers' contention, this does not mean that the reference must be withdrawn.

██ As courts have recognized, the possibility that a jury trial might be held at some point in the future does not warrant immediate withdrawal of the reference during the pre-trial stages of the case. It is appropriate, efficient, and logical that withdrawal of the reference in such circumstances can be deferred until the case is trial ready. *In re Northwestern Institute of Psychiatry, Inc.*, 268 B.R. at 84 (citing *In re Commercial Financial Services, Inc.*, 239 B.R. 586, 596 (Bankr. N.D.Okla.1999)); *Barlow & Peek, Inc. v. Manke Truck Lines, Inc.*, 163 B.R. 177, 179 (D.Nev.1993) (refusing to withdraw reference until it is clear that a jury trial will be necessary and that the case is prepared and ready for such trial to commence). We find no prejudice to Travelers' right to a jury trial in allowing the bankruptcy court to preside over this core matter until the case is ready to be tried, assuming the case progresses to that point. This course of action is especially appropriate given that the majority of issues that Travelers seeks to have determined in its declaratory judgment action will likely be decided prior to trial as a matter of law.

### 3. *Application of the Five Factors*

Although the term "for cause shown" is not defined in the permissive withdrawal statute, the Court of Appeals for the Third Circuit has set forth five factors that should be considered in determining whether permissive withdrawal should be exercised. Those factors are: (1) promoting uniformity of bankruptcy administration; (2) reducing forum shopping and confusion; (3) fostering economical use of debtor/creditor resources; (4) expediting the bankruptcy process; and (5) timing of the request for withdrawal. We find that each of these factors weighs in favor of retaining the case under the bankruptcy court's jurisdiction.

First, allowing the bankruptcy court to administer this case, at least through the pre-trial stages, will promote uniformity in bankruptcy administration. The bankruptcy court is already familiar with Skinner's negotiation of the proposed plan, and the terms thereof, which facts are the basis of Travelers' adversary complaint. The bankruptcy court is currently addressing contested issues between the insurers and the debtor and is presiding over discovery disputes related thereto. Allowing one court to steer the same group of parties through factual discovery related to this adversary proceeding will promote administrative uniformity. Substantive uniformity will also be served by allowing one court to determine how the bankruptcy negotiations and plan terms affect the insurance contracts, which are most likely the largest asset of the estate.

Second, retention of the reference by the bankruptcy court will avoid forum shopping and confusion. From a review of the record of the bankruptcy case to date it is fair to say that the insurers, including Travelers, have stalled the bankruptcy proceedings, much to the frustration of the bankruptcy court and the debtor. It is reasonable to assume that one motivating factor behind Travelers' motion to withdraw the reference is securing a more

friendly forum. That is not a valid reason for a district court to withdraw reference of a proceeding properly pending before the bankruptcy court. Denying Travelers' motion will reduce the risk of forum shopping.

It will also reduce the risk of confusion. The bankruptcy court has these same parties before it already. It has held numerous hearings at which all of the parties named in this adversary proceeding have participated, including Fairchild. It has set briefing and discovery schedules with these parties. It anticipates making rulings regarding discovery disputes among these parties. It will rule on legal issues affecting the insurers, such as the scope of their standing in the bankruptcy case. For this court to interject itself into that process, potentially reaching differing results on related issues, serves no purpose other than to increase the risk of confusion.

Third, we find that retention of this adversary proceeding by the bankruptcy court will foster economical use of debtor and creditor resources. It will keep the parties in one court, before one judge, and subject to one schedule. It will allow the same judge who will preside over the confirmation of the plan to interpret and apply the terms of that plan and the trust disposition procedures in the context of the adversary proceeding. Because we have deemed this to be a core proceeding, there is no risk of duplication of effort if the bankruptcy court issues rulings in this case.[1] We find that there is a further economic benefit to allowing this case to

proceed in the bankruptcy court at this point. The plan and trust disposition procedures that Travelers claims violate the insurance policies have not even been confirmed by the bankruptcy court. The confirmation hearing previously scheduled for March was apparently cancelled as a result of the ongoing dispute between the debtor and its insurers as to the insurers' standing in the bankruptcy case. The bankruptcy judge is uniquely qualified to determine when, and if, that plan may be confirmed, and to manage the issues raised in the adversary proceeding at the appropriate time to arrive at the most expeditious, and economical, resolution of the case. Withdrawing the reference, and having this court proceed to resolve the legal issues raised in the adversary proceeding only to subsequently discover that the proposed plan has not been confirmed would waste judicial, and debtor, resources.

Fourth, we find that denial of the motion to withdraw reference will expedite the bankruptcy process. As the bankruptcy judge himself has recognized, the decisions made in the context of Travelers' adversary proceeding will likely have a dispositive effect on the debtor's bankruptcy case. Put simply, if Travelers is excused from its duties to defend and indemnify Skinner, Skinner's reorganization plan will fail. Streamlining a decision on this ultimate issue through the bankruptcy court will expedite the bankruptcy process itself.[2] This court has no more expertise in the state law applicable to insurance contracts than does the bankruptcy court, and therefore withdrawal of the reference cannot be

---

1. Although we have mentioned this fact, we note that our decision would not change if we considered this to be a non-core proceeding. If that were the case, the bankruptcy court could submit proposed findings and conclusions for this court's consideration.

2. Again, even if we found that this adversary proceeding were non-core, allowing the bankruptcy court to manage this case and issue proposed findings and conclusions based on its expertise with the bankruptcy negotiations and plan would still have the benefit of expediting the bankruptcy process.

said to have the benefit of expediting a decision on the merits of the adversary proceeding by referring it to a court with more familiarity with the legal issues raised.

Finally, we find that the timing of the request for withdrawal actually counsels against withdrawing the reference. The adversary proceeding has just been filed. The case has not advanced. There is a distinct possibility that many of the issues raised by the complaint will be amenable to resolution on summary judgment prior to a jury trial, if not settled. The plan and trust procedures about which Travelers complains have not yet been confirmed. It is simply pre-mature to interject another court into the proceedings at this time.

### 4. *Fairchild*

Although Fairchild, a non-debtor, is named as a defendant in the adversary proceeding, we note that counsel for Fairchild has appeared before the bankruptcy court. In fact, Fairchild's counsel sought permission to fully participate in the proceedings. Fairchild's interest in the insurance policies at issue in the adversary proceeding is uncertain at this point in the litigation. Given the early stage of the case and given that Fairchild has appeared before the bankruptcy court, we do not find that this factor requires that the reference be withdrawn.

### IV. *CONCLUSION*

Travelers' motion to withdraw the reference is denied. The appropriate order follows.