**MEADOWLANDS COMMUNICATIONS, INC., Plaintiffs,**

v.

**BANKER'S TRUST COMPANY, NEW YORK, et al., Defendants.**

**Civ. A. No. 86–2796 (CSF).**

United States District Court, D. New Jersey.

Sept. 25, 1987.

Jeffrey A. Cooper, Kleinberg, Moroney, Masterson & Schacter, Millburn, N.J., Peter Morganstern, pro hac vice, for debtors.

Cole, Schotz, Bernstein, Meisel & Forman, Rochelle Park, N.J., co-counsel for Sylvia Ciolino, Trustee.

Robert Shapiro, Shapiro & Shapiro, Hackensack, N.J., for defendant National Community Bank of New Jersey.

John Laskey, William Katchen, Clapp & Eisenberg, Newark, N.J., for defendant Bankers Trust Company.

Honorable Hugh M. Leonard, Newark, N.J., U.S. Trustee.

CLARKSON S. FISHER, Chief Judge.

On June 6, 1985, plaintiff, Meadowlands Communications, Inc. (Meadowlands), filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. On October 28, 1985, Meadowlands commenced an adversary proceeding against defendants, Bankers Trust Company, New York (Bankers Trust) and National Community Bank of New Jersey (NCB). The complaint alleges that defendant banks wrongfully converted plaintiff's funds by accepting checks for deposit which were endorsed by Richard Tikijian, a former Meadowlands shareholder. According to the complaint, the checks which were accepted by Bankers Trust for deposit were either payable to plaintiff or drawn on plaintiff's account at NCB. More specifically, plaintiff contends that Tikijian held himself out as an officer of Meadowlands and endorsed a series of checks totaling approximately $300,000.00 which were subsequently deposited at Bankers Trust into the account of M.J. Williams Company, another company allegedly controlled by Tikijian. In addition, Tikijian allegedly issued a check on the Meadowlands account for approximately $425,000.00 payable to Ames Industries on which he forged the payee's name. This check was drawn upon NCB and deposited at Bankers Trust.

Following the institution of this action both NCB and Bankers Trust moved before a United States bankruptcy judge for an order to dismiss the complaint for lack of subject matter jurisdiction. In the alternative, defendant banks requested that the Bankruptcy Court abstain from hearing the matter pursuant to 28 U.S.C. § 1334(c). Defendants' motion to dismiss the complaint on the ground that the subject matter of the dispute did not constitute a core proceeding within the meaning of 28 U.S.C. § 157(b)(3) of the Bankruptcy Code was denied by an order dated June 18, 1986.

Subsequently both Bankers Trust and NCB filed answers in which they denied liability to Meadowlands. Both defendants also asserted crossclaims seeking indemnification and/or contribution. Specifically, Bankers Trust alleged that NCB breached a duty to warn Bankers Trust of Tikijian's activities, a claim which Bankers Trust asserted was based solely upon state law. NCB strongly disputes this contention. In addition, NCB responded by filing a motion to dismiss the crossclaim filed by Bankers Trust for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted. Bankers Trust filed an answer to NCB's crossclaim. Following oral argument, NCB's motion was denied on December 22, 1986.

Thereafter, both parties made motions before this Court seeking leave to appeal. By orders docketed June 1, 1987, both motions for leave to appeal were granted.

There are two issues presently before this court, namely: (1) whether plaintiff's action for conversion constitutes a core proceeding; and (2) whether the bankruptcy court has jurisdiction to hear the crossclaim of defendant Bankers Trust. For the reasons set forth below, I find that I must reverse the order of the bankruptcy court.

I begin with *Northern Pipe Line Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In *Marathon*, the United States Supreme Court held that 28 U.S.C. § 1471 (1976 ed., Supp. IV), the section which conferred broad adjudicative powers upon bankruptcy judges, was unconstitutional because those judges lacked Article III status, although they were passing judgment on state law claims. *In re Arnold Print Works*, 815 F.2d 165, 166 (1st Cir.1987); *In re Hardwicke Companies, Inc.*, 64 B.R. 113, 115 (S.D.N.Y.1986). As a direct response to the *Marathon* opinion, Congress enacted the Bankruptcy Amendments and Federal Judgship Act of 1984 (BAFJA). *Harley Hotels, Inc. v. Rain's Intern., Ltd.*, 57 B.R. 773, 775 (M.D.Pa.1985). According to BAFJA, "district courts shall have original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases undesr title 11." 28 U.S.C. § 1334. "Upon referral from the district court, the bankruptcy judge has full, statutory authority to hear and determine ... all core proceedings...." 28 U.S.C. § 157(b)(1). A nonexclusive list of core proceedings is set out in § 157(b)(2). Section 157(b)(3) provides that a bankruptcy judge shall determine, either on his own motion or timely motion of a party, whether a proceeding is a proceeding that is otherwise related to a case under Title 11. It is important to note that 28 U.S.C. § 157(b)(3) also provides that "[a] determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law." *Id.* Pursuant to 28 U.S.C. § 157(c)(1), a bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11. In this latter type of proceeding the bankruptcy judge is empowered only to submit proposed findings of fact and conclusions of law to the district court, which has the ultimate authority to enter a final order of judgment.

Turning first to the core proceeding issue, I agree with the court in *Harley Hotels*, which states that "the preferable approach is not simply to apply the terms of the statute but rather to analyze the nature of the underlying claim to determine whether, given constitutional constraints on bankruptcy jurisdiction enunciated in *Marathon*, that claim should be

considered a core proceeding." *Harley Hotels,* 57 B.R. at 780. Both defendants assert that the adversary proceeding does not constitute a core proceeding, as it is based solely upon state law, and that there is no independent basis for jurisdiction in the federal courts. "It is the nature of the proceeding—its relation to the basic function of the bankruptcy court—not the state or federal basis for the claim that makes the difference here." *Arnold Print Works,* 815 F.2d at 169.

 Based upon the guidelines set forth above, I find that the adversary proceeding at issue is not a core proceeding within the meaning of 28 U.S.C. § 157. I find that plaintiff's purpose in filing the complaint which instituted the adversary proceeding was to be made whole with respect to the allegedly forged checks. I find that the outcome of this dispute will not "conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* Clearly this is not the case here. As counsel for NCB correctly pointed out in its letter to this court dated May 19, 1987, "[i]t would be a waste of resources of both the Debtor's estate and the bankruptcy court to be involved in litigation of a complex dispute between BT (Bankers Trust) and NCB which reaches in fact and law well beyond matters which concern the purposes of the bankruptcy laws or the administration of Debtor's estate." (Emphasis added.) In sum, plaintiff's complaint against defendant banks does not constitute a core proceeding because it is not related to the bankruptcy. State court, therefore, is the proper forum for this matter. Indeed, judicial economy dictates such a result.

With regard to the second issue presently before this court, I find that the cross-claim of defendant Bankers Trust should properly be adjudicated in state court. The bankruptcy court, therefore, should have granted NCB's motion to dismiss the cross-claim for lack of subject matter jurisdiction.

For the reasons set forth in this opinion, the orders of the bankruptcy court dated June 18, 1986, and December 22, 1986, are hereby vacated. Defendants will submit an order to dismiss.